Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
**ORBIT IP, LLP**
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Defendant and Counterclaimant,
DBEST PRODUCTS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| dbest products, Inc., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> Katziela Inc., a New York Corporation, <br><br> Defendant | Case No. <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff dbest products, Inc. ("dbest"), by and through undersigned counsel, hereby submits this Complaint.

## NATURE OF THE COUNTERCLAIMS

1. dbest products, Inc. ("dbest") claims against Katziela Inc. ("Defendant") for breach of contract and for direct infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq.

## THE PARTIES

2. dbest is a California corporation with its principal place of business at 16506 South Avalon Boulevard, Carson, California.

3. On information and belief, Katziela Inc. is a corporation organized under New York law with its principal place of business at 203 Clifton Pl., Unit 1, Brooklyn, New York 11216, United States.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the patent claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has subject matter jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367(a) because that claims forms part of the same case or controversy as the patent claim, arising from a common nucleus of operative fact, including Defendant's obligations and conduct under the parties' agreement.

6. Defendant has expressly consented to personal jurisdiction in this Court through the Agreement's forum-selection clause, which provides that "Any action between or among the Parties arising out of this Agreement or its interpretation or enforcement, or in any way related to this Agreement, shall be brought in the United States District Court for the Central District of California."

7. A forum-selection clause is a sufficient and independent basis for personal jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *SEC v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007); *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).

8. In addition, on information and belief, Defendant has purposefully directed activities at this District and has committed acts of patent infringement in this District, giving rise to specific jurisdiction for the patent claim.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, on information and belief, acts of patent infringement have been committed in this District, because Counterclaim Defendant are subject to personal jurisdiction in this District and under the agreement's forum-forum selection clause. A valid forum-selection clause must be given controlling weight except in extraordinary circumstances. *See Atlantic Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 63–65 (2013).

**FACTUAL BACKGROUND**

10. dbest is a leading innovator and seller of portable carts in the United States. dbest has developed, marketed and sold exclusively a highly successful product line of premium portable carts frequently featured on QVC, Inc.'s television infomercials and website. dbest also sells its carts on retail website platforms such as Amazon, through national retailers such as Lowe's and Home Depot, and on its own website.

11. dbest owns all rights, title, and interest in and to U.S. Patent No. 9,392,766, entitled "PORTABLE PET CARRIER TO TRANSPORT A PET FROM ONE LOCATION TO ANOTHER AND RETAIN THE PET IN THE CARRIER WHILE TRAVELING" and issued on July 19, 2016 ("the '766 Patent"). A copy of the '776 Patent is attached as **Exhibit A**.

12. It is dbest's policy and practice to mark its products protected by one or more of its patents with the patent number(s) to provide notice to the public that the product is protected by a U.S. patent. Since the '766 Patent issued, dbest has complied with its marking policy to give notice to the public that specific dbest products are protected by the '766 Patent.

13. On information and belief, Defendants sell products on Amazon.com ("Amazon") to consumers living in the United States and in this judicial district.

14. dbest regularly monitors retail platforms, including Amazon, to identify offers for sale and sales of products that infringe its patent rights and other intellectual property rights. dbest identified numerous products that infringe at least one claim of the '766 Patent.

15. A schedule of the Amazon Standard Identification Number ("ASIN") for each Accused Instrumentality of which dbest is currently aware for Defendant is attached as **Exhibit B**. dbest may disclose additional infringing products at the appropriate times as consistent with this District's Local Rules and this Court's Standing Orders.

16. On June 29, 2022, Plaintiff and Defendant entered into a written Settlement and License Agreement ("Agreement"). A true and correct copy of the Agreement is attached as **Exhibit C**.

17. The Agreement governs licensing for the limited purpose of liquidating certain covered products within twelve (12) months from June 29, 2022 along with certain royalties payable during the twelve months.

18. The Agreement contains the following mandatory forum-selection clause:

> "Any action between or among the Parties arising out of this Agreement or its interpretation or enforcement, or in any way related to this Agreement, shall be brought in the United States District Court for the Central District of California."

19. Plaintiff fully performed its obligations under the Agreement.

20. Defendant breached the Agreement by failing to pay royalties as required under the Agreement.

21. Defendant's conduct described above also constitutes infringement of one or more claims of the '766 Patent.

## COUNT II

### (Breach of Contract)

22. The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

23. Plaintiff and Defendant entered into the Agreement on June 29, 2022.

24. The Agreement is a valid and enforceable contract supported by adequate consideration.

25. In consideration for the license to the ''766 Patent, Defendant agreed to pay royalties to dbest at a rate of ten percent (10%) of the Retail Price of all Covered Products, which is defined as "products associated with the Subject ASINs and any other products the manufacture, use, sale, offer for sale, or import of which, in the absence of a license, would directly or indirectly infringe one or more claims of the ['766] Patent under the U.S. patent laws."

26. Defendant was also required to report on the sales for the Covered Products, pursuant to Section 3.3 of the Agreement.

27. Plaintiff performed all conditions, covenants, and promises required of it.

28. Defendant breached the Agreement by failing to pay royalties as required under the Agreement. Unbeknownst to dbest, Defendant subsequently sold other products the manufacture, use, sale, offer for sale, or import of which, in the absence of a license, would directly or indirectly infringe one or more claims of

the '766 Patent. Defendant sold these products under new ASIN listings but did not report or pay royalties on those products.

29. When confronted about those new ASIN listings, Defendant refused to report or pay the agreed-upon royalties.

30. As a direct and proximate result of Defendant's breach, Plaintiff has suffered monetary damages in an amount to be proven at trial.

## COUNT I

### (Infringement of the '766 Patent—35 U.S.C. §§ 271)

31. The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

32. Defendant has infringed and/or continue to infringe at least one claim of the '766 Patent by offering for sale, selling, and/or otherwise distributing the Accused Instrumentalities in violation of 35 U.S.C. § 271.

33. On information and belief, Defendant has offered for sale, sold, and/or otherwise distributed products in the U.S. identified on Amazon with product ASINs B09Z77QT4K; B0B1RXSR2L; B09Z7875FC; B0B1RS4FXW, B0B5YJTW76, B0B5YHD7LL, B0B1RTF34Z, B0CBL8QTT4, B09Z7936R9, B0B5YH85VM, B0B5YGD65N, B09Z77VKD8, B0B1RRN68Y, 80B1RN3WHQ, B0CXYT5QSD, and B0CXZ6M3GF and (hereafter collectively referred to as "the Accused Instrumentalities") subsequent to the issuance of the '766 Patent.

34. A representative claim chart demonstrating how the Accused Instrumentalities satisfies each limitation of at least one claim of the '446 Patent is attached as **Exhibit D**.

35. Defendant's infringement has injured and/or continues to injure dbest, which is entitled to recover damages adequate to compensate it for that infringement.

36. dbest will continue to suffer irreparable injury unless and until Defendant is permanently enjoined by the Court from infringement of the '766 Patent.

37. Because Defendant refused to report and pay royalties on the new ASIN listings, Defendant has infringed and continues to infringe the '766 Patent intentionally and willfully.

38. dbest is entitled to injunctive and compensatory relief, including attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, dbest asks the Court to enter judgment in its favor and against Defendant and grant the following relief:

A. A determination that Defendant has infringed the '766 Patent;

B. A determination that Defendant has willfully infringed the '766 Patent;

C. An injunction permanently enjoining Defendant, and its officers, agents, employees, and all others in active concert or participation with it, or any of them, from doing any acts that infringe the '766 Patent;

D. An award of damages in an amount adequate to compensate dbest for Defendant's infringement of the '766 Patent;

E. An award of enhanced damages under 35 U.S.C. § 284 where applicable;

F. An award of attorneys' fees and costs where permitted by statute or contract;

G. Enter a judgment and order that Defendant and/or Amazon take all steps necessary to deliver to dbest all remaining inventory of all Accused Products in its possession, custody or control;

      H. Enter a judgment and order requiring Defendant to file with the Court and serve on dbest a written report under oath setting forth in detail its compliance with the injunction within thirty days;

      I. An award of damages in an amount adequate to compensate dbest for Defendant's breach of contract; and

      J. Any further relief that this Court deems just and proper.

DATED: November 17, 2025      Respectfully submitted,

ORBIT IP LLP.

By: /s/ Ehab M. Samuel
EHAB M. SAMUEL
DAVID A. RANDALL

*Attorneys for dbest products, Inc.*

## JURY TRIAL DEMAND

dbest demands a jury trial on all issues triable by a jury.

DATED: November 17, 2025      Respectfully submitted,

ORBIT IP LLP.

By: /s/ Ehab M. Samuel
EHAB M. SAMUEL
DAVID A. RANDALL

*Attorneys for dbest products, Inc.*